UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| BOWIE BUCHNER and JACLYN BUCHNER,<br><br>      Plaintiffs,<br><br>vs.<br><br>GM FINANCIAL and ASSETSBIZ-WISCONSIN, LLC,<br><br>      Defendants. | Case No. 20-cv-1569 |

## COMPLAINT

NOW COME the Plaintiffs, Bowie Buchner and Jaclyn Buchner, by and through their attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC, and complain of Defendants GM Financial, and AssetsBiz-Wisconsin, LLC, and allege to the best of their knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1. This lawsuit arises from the collection attempts of the Defendants.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stats. § 421 *et seq*.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

5. This Court has supplemental jurisdiction over the claims arising under the Wisconsin Consumer Act under 28 U.S.C. § 1367, because the Wisconsin Consumer Act claims are related to the FDCPA claims as they arise under the same set of facts, becoming part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

7. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendants are subject to personal jurisdiction in Wisconsin, as the actions giving rise to the lawsuit occurred in Wisconsin.

## **Parties**

8. Plaintiff Bowie Buchner (hereinafter "Plaintiff," or "Mr. Buchner") is a natural person who resided in Milwaukee County during the events of this case.

9. Mr. Buchner is a "consumer" as defined by 15 U.S.C. §1962a(3) and a "customer" as defined by Wis. Stat. § 421.301(17).

10. Plaintiff Jaclyn Buchner (hereinafter "Plaintiff," or "Mrs. Buchner") is a natural person who resided in Milwaukee County during the events of this case.

2
Case 2:20-cv-01569-PP   Filed 10/13/20   Page 2 of 8   Document 1

11. Mrs. Buchner is a "consumer" as defined by 15 U.S.C. §1962a(3) and a "customer" as defined by Wis. Stat. § 421.301(17).

12. Defendant GM Financial (hereinafter "Defendant GM") is a foreign business with a registered agent address of 801 Cherry Street, Suite 3500, Fort Worth, TX 76102.

13. Defendant GM is a "debt collector" as defined by Wis. Stat. § 427.103(3) and a "merchant" as the term is defined by Wis. Stat. § 421.301(25).

14. Defendant GM is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondeat superior, agency, vicarious liability, and non-delegable duties.

15. Defendant AssetsBiz-Wisconsin, LLC (hereinafter "Defendant AssetsBiz") is a business with a principal address at 302 Cary Point Drive, Cary, IL 60013-2975, and a registered agent of C T Corporation System, 301 S. Bedford Street, Suite 1, Madison, WI 53703.

16. Defendant AssetsBiz regularly attempts to collect debts owed to others and is a "debt collector" as defined by 15 U.S.C. §1692a(6) and Wis. Stat. § 427.103(3).

17. Defendant AssetsBiz is liable for the acts of its employees, agents, and independent contractors, and those of its subsidiaries and affiliates, under theories of respondent superior, agency, and vicarious liability.

## BACKGROUND

18. On or about December 29, 2015, Defendant GM and the Plaintiffs entered into a consumer credit transaction.

19. Defendant GM had a lien on a vehicle purchased by Plaintiffs in connection with that transaction.

20. The amount financed by Plaintiffs was for an amount under $25,000.

21. The transaction between Plaintiffs and Defendant GM was primarily for personal, family, and household purposes.

22. The consumer credit transaction between Plaintiffs and Defendant GM was entered into while Plaintiffs were residents of Wisconsin.

23. During the events in this case, Plaintiffs were residents of Milwaukee County, Wisconsin.

24. In 2020, Plaintiffs fell behind on their payments to Defendant GM.

25. Prior to the repossession, Plaintiff was not given notice of the intent to repossess the vehicle pursuant to Wis. Stat. § 425.206.

26. Alternatively, Defendant GM sent a pre-repossession notice that was non-compliant with the WCA and therefore ineffective to allow the repossession to legally occur.

27. Nevertheless, Defendant repossessed Plaintiffs' vehicle on October 10, 2020.

28. Defendant GM contracted with Defendant AssetsBiz to repossess the vehicle.

29. On October 10, 2020, Defendant AssetsBiz attempted to repossess Plaintiffs' vehicle.

30. Plaintiff, Mrs. Buchner, protested the repossession by Defendant AssetsBiz.

31. Defendant AssetsBiz continued with the repossession over the verbal protest of Plaintiff.

32. Defendant GM is vicariously liable for the acts of Defendant AssetsBiz in repossessing the vehicle.

# COUNT 1 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692) – DEFENDANT ASSETSBIZ ONLY

33. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The foregoing deliberate acts by Defendant AssetsBiz constitute violations of the FDCPA, specifically 15 U.S.C. §1692f(6).

35. Specifically, Defendant AssetsBiz could not legally take the vehicle due Plaintiffs' protest of the repossession.

36. As a result of the above violations of the FDCPA, Plaintiffs have suffered emotional distress and loss of property, along with other actual damages, and is entitled to recovery pursuant to 15 U.S.C. §1692k(a)(1).

37. Defendant AssetsBiz is liable to Plaintiffs for actual damages, statutory damages, and costs and attorneys' fees, as provided by 15 U.S.C. § 1692k.

# COUNT 2 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (Wis. Stat. § 425) AS TO ALL DEFENDANTS

38. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Repossessions are governed by Wis. Stat. § 425.206(2), which states, "In taking possession of collateral or leased goods, no merchant may do any of the following: (a) Commit a breach of the peace…"

40. A violation occurred when the car was taken over Plaintiffs' verbal protest.

41. Defendant GM is vicariously liable for the actions of AssetsBiz in the repossession of the vehicle.

42. Alternatively, Defendants repossessed Plaintiffs' vehicle, yet had not sent a statutorily compliant notice related to an intent to repossess, as required under Wis. Stat. § 425.206(1)(d).

43. Wis. Stat. § 425.206 provides for statutory damages pursuant to Wis. Stat. §425.305 because Defendants took the vehicle when they had no legal or statutory right to do so.

44. Under Wis. Stats. § 425.206 and 425.305, Plaintiffs are seeking avoidance of the vehicle lien, return of payments already made towards the car, actual damages, punitive damages, and reimbursement of attorney fees and costs from all Defendants.

### COUNT 3 – VIOLATIONS OF THE WISCONSIN CONSUMER ACT (Wis. Stat. § 427) – AS TO ALL DEFENDANTS

45. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Defendants' conduct was an attempt to collect constitutes a "claim" as that term is defined at Wis. Stat. § 427.103(1).

47. The Defendants' conduct violated Wis. Stat. § 427.104(1)(h) in that the conduct as described herein could reasonably be expected to harass a person since they had no right to repossess Plaintiffs' Vehicle.

48. The Defendants' conduct violated Wis. Stat. § 427.104(1)(j) in that they did not have a right to repossess the Vehicle because they knew that they had not complied with the law governing the repossession of vehicles.

49. As a result of the illegal conduct, Plaintiffs have suffered emotional distress, mental anguish, and loss of property.

50. The Defendants are liable to Plaintiffs for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105.

## **Trial by Jury**

51. Plaintiffs are entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiffs Bowie Buchner and Jaclyn Bowie pray that this Court will enter judgment against the Defendants as follows:

A. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant Assets-Biz;

B. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant AssetsBiz;

C. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant AssetsBiz;

D. for the vehicle lien to be avoided (or if the vehicle is sold, the retail fair market value of the vehicle), actual damages, punitive damages, return of payments already made towards the car, and reimbursement of attorney fees and costs under Wis. Stat. § 425.305 against the Defendants;

E. for an award of actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under Wis. Stat. § 427.105 against the Defendants;

F. for such other and further relief as may be just and proper.

Dated this 13th day of October, 2020.

**DeLadurantey Law Office, LLC**

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey (WI# 1063937)
DeLadurantey Law Office, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
Nathan@dela-law.com

*Attorney for the Plaintiffs*